STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

ROSS WEINGARTEN (NYBN 5236401)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Ross.weingarten@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 20-00335 WHA |
| Plaintiff, | UNITED STATES' SUPPLEMENTARY SENTENCING MEMORANDUM |
| v. | |
| BRIAN RABBITT, | Date:  March 29, 2022 |
| Defendant. | Time: 2:00 p.m. |
| | Hon. William Alsup |

I.     INTRODUCTION

    After multiple delays, Brian Rabbitt will be sentenced before this Court on March 29, 2022, on charges of distribution of fentanyl.  The government filed a sentencing memorandum on September 28, 2021, and continues to rely on the facts set forth – and the sentencing recommendation – in its memorandum.  *See* Dkt. No. 41.  The government now files a supplementary sentencing memorandum only to note for the Court that it has checked the Judiciary Sentencing Information ("JSIN") system to better understand how other, similarly-situated defendants across the federal criminal justice system have fared at sentencing.  Probation and the government agree that the Total Offense Level in this case

1  is 21 and the Defendant falls in Criminal History Category VI.  As a result, the appropriate advisory

2  Guidelines range is 77-96 months' imprisonment.  At set forth in the PSR, Probation recommends a

3  variance to a sentence of 60 months.  Dkt. No. 47.  The government recommends a sentence of 66

4  months.

5          The government writes now to informs th Court that according to JSIN, during the last five fiscal

6  years (FY2016-2020), there were 14 offenders whose primary guideline was §2D1.1 and Fentanyl was

7  the primary drug type, with a Final Offense Level of 21 and a Criminal History Category of VI, after

8  excluding offenders who received a §5K1.1 substantial assistance departure.  All of the 14 offenders

9  received a sentence of imprisonment in whole or in part (meaning none of the 14 similarly-situated

10  offenders received a non-custodial sentence).  The average length of imprisonment imposed was 76

11  months and the median length of imprisonment imposed was 72 months.[1] *See*

12  https://jsin.ussc.gov/analytics/saw.dll?Dashboard (last visited March 28, 2022).  The government

13  continues to believe that taking into account the factors set forth in 18 U.S.C. §3553(a), a sentence of 66

14  months is appropriate in this case.

15

16  DATED: March 28, 2022                              Respectfully submitted,

17                                                    STEPHANIE M. HINDS
18                                                    United States Attorney

19
                                                      _____
                                                                /s/
20                                                    ROSS WEINGARTEN
                                                      Assistant United States Attorney
21

22

23

24

---

25          [1] In case the Court is curious, according to JSIN, over the same time period, there were 93
offenders with the same Final Offense Level (21) and Criminal History Category (VI) as Rabbitt whose
26  primary drug type was heroin.  All 93 offenders received a sentence of imprisonment in whole or in part.
The average length of imprisonment imposed was 68 months and the median length of imprisonment
27  imposed was 72 months.  There were 128 offenders with the same Final Offense Level and Criminal
History Category whose primary drug type was methamphetamine.  All 128 offenders received a
28  sentence of imprisonment.  The average length of imprisonment imposed was 73 months and the median
length of imprisonment imposed was 77 months.